Filed 3/7/25 P. v. Crawford CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B329399 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA124987) |
| v. | |
| BRODERICK CRAWFORD, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura R. Walton, Judge. Reversed and remanded with directions.

Richard Lennon and Tanya Dellaca, under appointments by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Appellant Broderick Crawford, Jr. was identified for recalling his 2012 sentence and resentencing pursuant to Penal Code section 1172.75,[1] which invalidated sentencing enhancements for prior prison terms[2] under section 667.5, subdivision (b).  The trial court denied resentencing because the now-invalid enhancements were imposed and stayed in his original sentence.  Crawford contends that the stayed enhancements do not render him ineligible for resentencing.  We agree and remand for a full resentencing hearing.

## PROCEDURAL BACKGROUND[3]

On December 13, 2012, Crawford pleaded no contest to one count of second degree robbery (§ 211).  He admitted to five prior prison term enhancements (§ 667.5, subd. (b)).  Crawford also admitted to two prior convictions alleged under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), which were also alleged as serious felonies (§ 667, subd. (a)(1)).  The trial court granted Crawford's request to strike the punishment for his two prior convictions under the Three Strikes law.

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     Prior to the Criminal Justice Realignment Act of 2011 (Stats. 2011, 1st Ex. Sess. 2011–2012, ch. 12, §1), all felony sentences were served in state prison, not county jail.  Crawford's enhancements at issue here involved state prison commitments.  For convenience, we refer to the enhancement as a prior prison term enhancement.

[3]     A summary of the facts underlying Crawford's conviction is not necessary to resolve this appeal.

The trial court sentenced Crawford to two years on the robbery and imposed an additional 10 years for the two serious felony conviction enhancements for an aggregate term of 12 years. The court also imposed and stayed one year on each of the five prior prison commitment enhancements.

On December 21, 2022, the superior court received notice that Crawford was identified for recall of his sentence and resentencing pursuant to section 1172.75. On March 9, 2023, the trial court found him ineligible for resentencing under section 1172.75 because he was not serving time on the stayed prior prison term enhancements.

On March 15, 2023, Crawford timely appealed.

## DISCUSSION

Crawford's appeal asks whether section 1172.75 applies when the abstract of judgment on which he is currently serving time includes one or more prior prison term enhancements that were imposed and stayed. One court has held the term for the prior prison term enhancement must be imposed and executed to warrant resentencing under section 1172.75. (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 48–49, review granted Feb. 21, 2024, S283169 (*Rhodius*).) But other courts agree that an imposed and stayed prior prison term enhancement entitles a defendant to resentencing. (*People v. Christianson* (2023) 97 Cal.App.5th 300, 305, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1278–1279, review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283 ; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 676, review granted Aug. 14, 2024, S285853 (*Mayberry*).)

Pending resolution of the issue by the Supreme Court, we agree with the decisions that interpret section 1172.75 to include defendants whose prior prison term enhancements were imposed and stayed by the trial court.

## I.      Resentencing Under Section 1172.75

Former section 667.5, subdivision (b) required imposing one year for each true finding of a separate prior commitment to prison or jail under section 1170, subdivision (h), unless the defendant remained free from custody for at least five years.

Senate Bill No. 483 (2021–2022 Reg. Sess.) added section 1172.75 (renumbered from section 1171 and then section 1171.1)[4] which invalidates prior prison term enhancements imposed before January 1, 2020.[5]  The statute instructs the California Department of Corrections and Rehabilitation (CDCR) and county jail administrators to "identify those persons in their custody currently serving a term for a judgment" on these enhancements.  (§ 1172.75, subd. (b).)  The statute set deadlines of March 1, 2022 for CDCR to inform the sentencing courts about "individuals who have served their base term and any other

_____

[4]      Senate Bill No. 483 (2021–2022 Reg. Sess.) expanded the scope of retroactivity of Senate Bill No. 136 (2019–2020 Reg. Sess.) "to all persons currently serving a term of incarceration . . . for [the] repealed enhancements."  (Stats. 2021, ch. 728, § 1.)  The amendments previously applied to all cases not yet final on January 1, 2020.  Section 1171.1 was renumbered as section 1172.75 without substantive change.  (Assem. Bill No. 200 (2021–2022 Reg. Sess.); Stats. 2022, ch. 58, § 12.)

[5]      The exception for a prior conviction for a sexually violent offense defined in Welfare and Institutions Code section 6600, subdivision (b) is not applicable here.  (§ 1172.75, subd. (a).)

4

enhancements and are currently serving a sentence based on the enhancement," and July 1, 2022 for all others. (*Id.*, subd. (b)(1) & (2).)

The sentencing court must review the judgment and verify that it includes a prior prison term enhancement. (§ 1172.75, subd. (c).) If it does, the court must "recall the sentence and resentence the defendant." (*Ibid.*) The plain language of section 1172.75 requires a full sentencing.[6] (*Saldana, supra,* 97 Cal.App.5th at p. 1276, review granted; *People v. Monroe* (2022) 85 Cal.App.5th 393, 402; *People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*) [the full sentencing rule provides that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].) Merely striking the invalid enhancement is insufficient. (*Monroe,* at p. 402.)

Four provisions of section 1172.75, subdivision (d) support application of the full resentencing rule. First, subdivision (d)(1) establishes a presumption that resentencing "shall result in a lesser sentence than the one originally imposed" by eliminating the enhancement.[7] (§ 1172.75, subd. (d)(1).) Second, subdivision (d)(2) mandates application of "any other changes in law that reduce sentences or provide for judicial discretion so as to

---

[6]     A full resentencing is required even when the original sentence resulted from a plea agreement, as did Crawford's sentence. (*People v. Carter* (2023) 97 Cal.App.5th 960, 968 (*Carter*); *People v. Hernandez* (2024) 103 Cal.App.5th 981, 990.)

[7]     The presumption can be rebutted if "the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) Third, subdivision (d)(3) requires consideration of other factors related to the defendant's postconviction record for discipline and rehabilitation, any reduction of his or her risk for future violence, and changed circumstances since the original sentencing that reflect whether the interests of justice are no longer served by continued incarceration. (*Id.*, subd. (d)(3).) Fourth, subdivision (d)(4) limits imposing the upper term when deciding which term of the sentencing triad to impose. (*Id.*, subd. (d)(4).)

## II. Statutory Interpretation

Interpreting a statute requires determining the Legislature's intent to effectuate the statute's purpose. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) We first examine the statute's language and give it plain meaning. (*Ibid.*) We consider related statutes and harmonize terms when possible. (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.) If unambiguous, the plain meaning is determinative, and no further analysis is required. (*People v. Snook* (1997) 16 Cal.4th 1210, 1215.) If a statute is amenable to two interpretations, we follow the one that leads to the more reasonable result. (*People v. Shabazz* (2006) 38 Cal.4th 55, 68.) If the language is subject to more than one reasonable construction, we may consider extrinsic aids, including legislative history, the statute's purpose, and public policy. (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.) We review questions of statutory interpretation de novo. (*Lewis*, at p. 961.)

The plain language of section 1172.75 supports resentencing when enhancements were imposed and stayed. First, the statute orders CDCR to identify eligible inmates.

(§ 1172.75, subd. (b).)  These inmates are "currently serving a term for a judgment" that includes the prior prison term enhancement.  (*Ibid*.)  A judgment may include a sentence that has been imposed but stayed.  (*People v. Mani* (2022) 74 Cal.App.5th 343, 380 [judgment is imposed on each count for purposes of section 654, then execution is stayed on the duplicative sentence]; *Christianson, supra*, 97 Cal.App.5th at pp. 311–312, review granted.)  CDCR merely identifies inmates with the enhancement included in their abstracts of judgment, regardless of whether it was executed or stayed.  (*Christianson,* at pp. 311–312.)  The Legislature did not limit the identification of inmates to those required to serve an additional term based on the enhancement.  (*Ibid*.)

Next, the statute requires the sentencing court to "verify that the current judgment includes" a prior prison term enhancement.  (§ 1172.75, subd. (c).)  *Christianson* interpreted the court's job here as limited to verifying that CDCR correctly identified the inmate, as described in subdivision (b). (*Christianson, supra*, 97 Cal.App.5th at p. 312, review granted.) *Christianson* reasoned that the verification would not logically include the additional step for a court to determine whether the inmate had an enhancement imposed and not stayed when CDCR reviewed the same abstracts of judgment in its initial screening. (*Ibid*.)  The requirement in section 1172.75, subdivision (a) that CDCR identify eligible inmates based on the abstract of judgment should not be subject to another screening of the same abstract of judgment by the trial court to confirm the enhancement had been executed.  (*Christianson*, at p. 312, review granted.)

The Legislature also demonstrated its ability to differentiate between inmates currently serving time on a prior

7

prison term enhancement and those who are not by prioritizing relief to the first group in section 1172.75, subdivisions (b)(1) and (2), and (c)(1) and (2). (*Christianson*, *supra*, 97 Cal.App.5th at p. 313, review granted.) These provisions impose a deadline for CDCR to identify, and courts to verify, inmates who are currently serving time on the enhancement after already serving the remainder of the time imposed by the judgment. (*Ibid*.)

Including imposed but stayed enhancements as eligible for relief also comports with the requirement in section 1172.75, subdivision (d)(1) that trial courts must impose a "lesser sentence than the one originally imposed."

We reject the argument that striking the enhancement would result in a lesser sentence only if it originally increased the sentence by being imposed and executed. (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 43–44, review granted.) Removal of an imposed and stayed enhancement also "provide[s] some relief to the defendant by eliminating [the] potential" for the trial court to lift the stay and impose the term. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted.) The stayed enhancement "remains as part of the judgment and [can] continue[] to carry the potential for an increased sentence." (*Ibid*.) Striking it thus results in a " 'lesser sentence than the one originally imposed.' " (*Ibid*.; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, review granted; *Mayberry*, *supra*, 102 Cal.App.5th at pp. 674–675, review granted.)

We reject the Attorney General's argument that the stay will never be lifted because the enhancements are invalid. We agree with Crawford that this argument supports striking the imposed and stayed enhancements precisely because they are invalid and should not remain part of the judgment. The plain

8

language of section 1172.75 and the full sentencing rule require a full resentencing contemporaneously with striking the invalid enhancement.  (§ 1172.75, subd. (c); *Buycks*, *supra*, 5 Cal.5th at p. 893.)  Under the full resentencing rule, the trial court may reconsider all sentencing choices without limitation to merely striking the illegal portions.  (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1118.)  " 'This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components.  The invalidity of one component infects the entire scheme.' [Citations.]"  (*Ibid*.)

We therefore reverse the order denying resentencing under section 1172.75.[8]  We order the trial court to strike the invalid prior prison term enhancements and conduct a full resentencing

---

[8]     Crawford and the Attorney General additionally disagreed over whether the resentencing can be used to allow the prosecutor to withdraw from the original plea agreement and rescind that plea agreement for any sentencing modification beyond striking a prison prior enhancement.  A split of authority existed on this issue.  (Cf. *People v. Coddington* (2023) 96 Cal.App.5th 562, 565 [holding the prosecutor may withdraw from plea agreement if the court on remand intends to further reduce the sentence] with *Carter*, *supra*, 97 Cal.App.5th at pp. 972, 977 [holding the opposite].)

We need not address this issue.  The Legislature enacted Assembly Bill No. 2483 (2023–2024 Reg. Sess.), which added section 1171.  Subdivision (c)(3) of section 1171 prohibits a prosecutor or court from rescinding a plea agreement based on changes to a sentence from a postconviction resentencing.  (Stats. 2024, ch. 964, § 2, eff. Jan. 1, 2025.)

9

hearing. We express no opinion on how the trial court should exercise its discretion at that hearing.

### DISPOSITION

The trial court's order denying resentencing is reversed. The matter is remanded to the trial court with instructions to recall Crawford's sentence and resentence him in compliance with section 1172.75.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



HANASONO, J.*


We concur:



EGERTON, Acting P. J.



ADAMS, J.

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.